UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL POWELL,

       Plaintiff,

v.

                                      Case No.  8:20-cv-3077-T-24 CPT

TAKEISHA KING and USAA
GENERAL INDEMNITY COMPANY,

       Defendants.

_____/

**<u>ORDER</u>**

This cause comes before the Court on Plaintiff's Motion to Remand.  (Doc. No. 12).

Defendant USAA opposes the motion.  (Doc. No. 13).  As explained below, the motion is

granted.

**<u>I.  Background</u>**

This lawsuit arises from a car accident.  On January 18, 2020, Plaintiff Nathaniel Powell

was driving in front of Defendant Takeisha King.  According to Plaintiff, a driver negligently

rear-ended King, and Defendant King did not control her car and negligently rear-ended

Plaintiff, causing him injuries.

On November 17, 2020, Plaintiff filed suit in state court against his auto insurance

company, Defendant USAA General Indemnity Company ("USAA"), for uninsured motorist

benefits and statutory bad faith.  (Doc. No. 1).  Plaintiff also asserted a negligence claim against

the unknown driver that rear-ended King, but the unknown driver was not named in the

complaint as a defendant.  (Doc. No. 1).  In response to the complaint, USAA removed the case

to this Court, arguing that diversity subject matter jurisdiction exists.  (Doc. No. 1).

Thereafter, on December 23, 2020, USAA filed a motion to dismiss Plaintiff's state court complaint.  (Doc. No. 2).  In the motion, USAA made several arguments, including that: (1) the negligence claim against the unknown driver should be dismissed, because Plaintiff did not name that person as a defendant; and (2) the statutory bad faith claim had not yet accrued and must be dismissed.

Eight days later, Plaintiff responded to the motion by filing an amended complaint.  (Doc. No. 5).  In the amended complaint, Plaintiff asserted a negligence claim against King and an uninsured motorist claim against USAA.  Because both Plaintiff and King are citizens of Florida, Plaintiff filed the instant motion to remand due to a lack of diversity subject matter jurisdiction.

## II.  Motion to Remand

USAA argues that the motion to remand should be denied, because USAA believes that Plaintiff amended the complaint and added King in order to defeat diversity jurisdiction and that such an amendment cannot be done as a matter of course under Federal Rule of Civil Procedure 15(a).[1]  Instead, USAA argues that the Court retains its discretion under 28 U.S.C. §1447(e) to decide the propriety of Plaintiff's joinder of a non-diverse defendant.  See Ortiz v. Apple Computer, Inc., 2019 WL 2527326, at *2 (M.D. Fla. May 16, 2019).  When deciding whether to permit or deny joinder of a non-diverse defendant post-removal under §1447(e):

> The court should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) and other factors bearing on the equities. When faced with an amended complaint adding a non-diverse defendant in a case removed based on diversity jurisdiction, district courts should scrutinize that amendment more closely than an ordinary

---

[1] Rule 15(a) allows amendment as a matter of course within 21 days after service of a motion to dismiss under Rule 12(b).

> amendment and deny leave to amend unless strong equites support
> the amendment.

Id. (internal citations and quotation marks omitted).

Assuming without deciding that the Court retains its discretion under 28 U.S.C. §1447(e) to decide the propriety of Plaintiff's joinder of King in this case, the Court allows the joinder. Plaintiff states that he added King in response to USAA's argument in its motion to dismiss that Plaintiff could not assert a negligence claim without naming a negligent driver as a defendant. Plaintiff promptly added King in response to the motion to dismiss, and the amendment occurred approximately six weeks after Plaintiff filed his initial complaint.  Furthermore, the Court believes that judicial economy is served by allowing Plaintiff to purse his claims against both King and USAA in the same lawsuit.  Accordingly, the Court finds that the amendment is proper, diversity jurisdiction is destroyed, and remand is required.

**III.  Conclusion**

Therefore, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 12) is **GRANTED**.  The Clerk is directed to **REMAND** this case to state court and then to **CLOSE** this case.

DONE AND ORDERED at Tampa, Florida, this 25th day of January, 2021.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3